■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM L. SHAFFER, Appellant.—Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment of conviction on two counts of robbery, first degree, and one count of criminal trespass in the second degree and criminal mischief in the fourth degree. Of the numerous issues raised on behalf of defendant, only the following merit discussion.

The first count of the indictment charged defendant with robbery of a bank "armed with a deadly weapon" (Penal Law

§ 160.15 [2]), and the second count charged that during the robbery defendant displayed "what appear[ed] to be a * * * shotgun" (Penal Law § 160.15 [4]). Defendant contends that the People failed to prove the gun was "deadly", that is, that it was operable and loaded with live ammunition, because the shells taken from the gun were never test fired and the gun was not working properly. We disagree.

A gun is loaded and operable despite the absence of a shell from the chamber if there is ammunition in the clip or magazine *(Shafsky v State,* 526 P2d 60 [Wyo]; *People v Pearson,* 150 Cal App 2d 811, 311 P2d 142; *People v Simpson,* 134 Cal App 646, 25 P2d 1008) and by manual manipulation a shot can be discharged *(People v Elfe,* 37 AD2d 208; *People v Howard,* 37 AD2d 178). When the gun was seized, there was ammunition in a barrel and in the magazine, and test firings revealed that the gun was operable by manual manipulation. Although the shells taken from the gun were not test fired, there was ample evidence that the shells could be fired from the gun and were live ammunition *(cf., People v Shaffer,* 66 NY2d 663). Under the circumstances, the evidence was sufficient to warrant consideration by the jury, and the jury verdict was not against the weight of evidence.

Defendant also contends that the court erred by instructing the jury that it was permitted to draw an inference that a person intends the natural and probable consequences of his acts and that the charge of each count of robbery in the first degree, together with the affirmative defense charge *(see,* Penal Law § 160.15 [4]), constituted impermissible burdenshifting. No specific objection on these grounds was made during the trial, and these claims have not been preserved for our review (CPL 470.05 [2]). In any event, neither claim has merit. Although appellate courts have condemned use of language in jury instructions which shifts the burden of proof on the element of intent, reversal is not required where the jury is given a choice and merely permitted to draw the inference *(People v McKenzie,* 67 NY2d 695; *People v Green,* 50 NY2d 891, 893, *cert denied* 449 US 957; *People v Getch,* 50 NY2d 456). The court twice instructed the jury on the separate counts of robbery in the first degree and application of the affirmative defense only to the second count. Although the charge could have been more precise, it was not so confusing that the jury was misled regarding the elements of each crime or the burden of proof applicable to each crime and to the affirmative defense.

We have examined the defendant's remaining contentions

and find them to lack merit. (Appeal from judgment of Ontario County Court, Reed, J.—robbery, first degree, and other offenses.) Present—Doerr, J. P., Denman, Green, Balio and Davis, JJ.