■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HAMILTON THOMPSON, Appellant. [792 NYS2d 76]—

Judgment, Supreme Court, New York County (Bernard J. Fried, J.), rendered December 9, 2003, convicting defendant, upon his plea of guilty, of attempted robbery in the first degree, and sentencing him, as a second felony offender, to a term of five years, unanimously affirmed.

The court properly denied defendant's motion to suppress identification testimony. The lineup identification was not tainted by the complainant's initial photo identification of defendant two months earlier, which occurred when, while viewing hundreds of photographs on a computer, the victim noticed defendant's photograph hanging on a nearby bulletin board among other, similar pictures. Although the picture was the equivalent, for police purposes, of a wanted poster, it concerned an unrelated matter and contained no information likely to be

meaningful to a civilian. We conclude that under the unusual circumstances presented, the viewing of the posted photographs, including that of defendant, was essentially an extension of the fair photographic identification procedure already in progress. In any event, any suggestiveness was attenuated by the passage of time between the photographic and lineup identifications (*see e.g. People v Hamilton*, 271 AD2d 618 [2000], *lv denied* 95 NY2d 797 [2000]). Furthermore, the lineup identification was not rendered unduly suggestive by the fact that in the hour before viewing the lineup, the victim twice walked through the room where defendant's photograph was apparently still posted on the bulletin board. There is no reason to believe that the victim noticed the photograph, or that, even if he did so, the fleeting viewing influenced his identification of defendant (*see People v Abrew*, 95 NY2d 806 [2000]). Concur—Tom, J.P., Andrias, Sullivan, Nardelli and Williams, JJ.