■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT SMITH-MERCED, Appellant. [854 NYS2d 386]—

Judgment, Supreme Court; New York County (Lewis Bart Stone, J.), rendered March 29, 2005, as amended December 12, 2005, convicting defendant, after a jury trial, of grand larceny in the second degree and 34 counts of criminal possession of a forged instrument in the second degree, and sentencing him to an aggregate term of 7⅓ to 22 years, unanimously affirmed.

Defendant did not preserve his claim that the court should have instructed the jury that certain prosecution witnesses were accomplices as a matter of law and that their testimony required corroboration, and we decline to review it in the interest of justice. As an alternative holding, we find that the absence of such a charge was harmless in light of the very extensive corroborating evidence (*see e.g. People v Schwartz*, 21 AD3d 304, 307 [2005], *lv denied* 6 NY3d 845 [2006]), including highly incriminating physical evidence recovered from defendant's residence that unmistakably linked him to a check-counterfeiting scheme.

Defendant's claim that his counsel rendered ineffective assistance by failing to request an accomplice charge is unreviewable because, in the context of this case, it involves matters outside the record concerning counsel's strategy (*see People v Rivera*, 71 NY2d 705, 709 [1988]; *People v Love*, 57 NY2d 998 [1982]). On the existing record, to the extent it permits review, we find that defendant received effective assistance under the state and federal standards (*see People v Benevento*, 91 NY2d 708, 713-714 [1998]; *see also Strickland v Washington*, 466 US 668 [1984]). Counsel could have reasonably found such a charge to be counterproductive, in that it might have focused the jury's attention not on the unreliability of the accomplices, but on defendant's accessorial liability and the strength of the corroborating evidence. In the alternative, counsel's failure to request an accomplice charge did not affect the outcome of the trial or cause defendant any prejudice.

The court properly admitted limited evidence of uncharged crimes as background, given defendant's theory of defense (*see People v Vails*, 43 NY2d 364 [1977]). To the extent there was any error, it was harmless in view of the overwhelming evidence

of guilt. Defendant's constitutional claim is unpreserved and without merit. Concur—Lippman, P.J., Tom, Williams and Acosta, JJ.