■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAHEIM WILLIAMS, Appellant. [856 NYS2d 570]—

Judgment, Supreme Court, New York County (Bruce Allen, J., at suppression hearing; Daniel P. FitzGerald, J., at jury trial and sentence), rendered December 15, 2005, convicting defendant, of six counts of robbery in the first degree, and sentencing him, as a second felony offender, to concurrent terms of 20 years, unanimously affirmed.

The court properly denied defendant's motion to suppress identification testimony. There is no basis for disturbing the court's credibility determinations, which are supported by the record (*see People v Prochilo*, 41 NY2d 759, 761 [1977]). The hearing evidence credited by the court established that defendant never requested that his counsel be present at his lineup.

Defendant failed to make a record that is sufficient to permit review (*see People v Kinchen*, 60 NY2d 772, 773-774 [1983]; *People v Johnson*, 46 AD3d 415 [2007]) of his claim that the court did not provide defense counsel with notice of jury notes and an opportunity to be heard regarding the court's responses (*see People v O'Rama*, 78 NY2d 270 [1991]). Viewed in light of the presumption of regularity that attaches to judicial proceedings (*see People v Velasquez*, 1 NY3d 44, 48 [2003]), the existing record, to the extent it permits review, demonstrates that the court satisfied its "core responsibility" under *People v Kisoon* (8 NY3d 129, 135 [2007]) to disclose jury notes and permit comment by counsel. The court specifically invited the attorneys to read any jury notes and assist in formulating responses. Furthermore, the court read each note into the record, except for notes merely requesting exhibits, and a note concerning a readback where the record clearly reflects counsel's input into the response. Accordingly, counsel's failure to object to the procedure employed by the court or to its responses to the jury notes renders the claim that the court violated CPL 310.30 unpreserved (*see e.g. People v Salas*, 47 AD3d 513 [2008]), and we decline to review it in the interest of justice. As an alternative holding, we also reject it on the merits. The court merely provided exhibits, readback of testimony and a rereading of a charge already provided to the jury, in addition to advising the jury that it could not answer its factual questions about matters outside the record. Counsel's input into any response could have only been minimal.

The court properly exercised its discretion in summarily denying defendant's CPL 330.30 (2) motion to set aside the verdict on the ground of juror misconduct. Defendant failed to establish that he was prejudiced by a midtrial conversation between the foreperson and her friend, during which the foreperson

discovered that her friend was defendant's niece, and proceeded to comment briefly on the trial. On the contrary, this incident was, if anything, beneficial to defendant (*see People v Clark*, 81 NY2d 913, 914 [1993]). The remainder of defendant's motion was an impermissible effort to impeach the verdict by probing into the jury's deliberative process (*see People v Maragh*, 94 NY2d 569, 573 [2000]).

We have considered and rejected defendant's pro se claims. Concur—Andrias, J.P., Friedman, Buckley, Catterson and Acosta, JJ.