THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHRISTOPHER M. DIAZ, Appellant. [861 NYS2d 543]—

Appeal from a judgment of the Supreme Court, Monroe County (Stephen R. Sirkin, A.J.), rendered December 14, 2005. The judgment convicted defendant, upon a jury verdict, of criminal sexual act in the first degree, sexual abuse in the first degree, and endangering the welfare of a child.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him following a jury trial of criminal sexual act in the first degree (Penal Law § 130.50 [3]), sexual abuse in the first degree (§ 130.65 [3]), and endangering the welfare of a child (§ 260.10 [1]). Defendant failed to preserve for our review his contention that the evidence is legally insufficient to support the conviction inasmuch as he failed to renew his motion for a trial order of dismissal after presenting evidence (*see People v Hines*, 97 NY2d 56, 61 [2001], *rearg denied* 97 NY2d 678 [2001]). In any event, that contention is without merit (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). The victim, who was 10 years old when the crimes were committed, testified that defendant forced her to have oral sex with him, pulled down her undergarments, and later placed his finger in her vagina. Contrary to defendant's further contention, the verdict is not against the weight of the evidence (*see generally id.*). Much of the testimony of the victim was corroborated by the testimony of her mother at trial and by defendant's statement to the police, and the jury was entitled to credit the victim's trial testimony over defendant's trial testimony (*see generally id.*). Finally, defendant contends that he was denied a fair trial by prosecutorial misconduct. Defendant failed to preserve for our review the majority of the alleged instances of prosecutorial misconduct (*see* CPL 470.05 [2]), and we conclude that, in any event, "[a]ny improprieties were not so pervasive or egregious as to deprive defendant of a fair trial" (*People v Cox*, 21 AD3d 1361, 1364 [2005], *lv denied* 6 NY3d 753 [2005] [internal quotation marks omitted]). Present—Scudder, P.J., Hurlbutt, Smith, Green and Gorski, JJ.