THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMON MONTANEZ, Appellant. [870 NYS2d 685]—

Memorandum: Defendant appeals from a judgment convicting him following a jury trial of murder in the second degree (Penal Law § 125.25 [3] [felony murder]), manslaughter in the second degree (§ 125.15 [1]) and criminal possession of a weapon in the second degree (§ 265.03 [former (2)]). Defendant contends that the evidence is legally insufficient to support the conviction of

felony murder because the People failed to establish the underlying crime of robbery or attempted robbery for that count. Defendant failed to preserve that contention for our review (*see People v Gray*, 86 NY2d 10, 19 [1995]) and, in any event, we conclude that it is without merit. The People presented evidence establishing that defendant and his codefendant went to the victim's home with the intent to commit a robbery and that they procured guns that same day for the purpose of committing the robbery. In addition, they presented evidence that defendant made statements after the robbery in which he admitted that a robbery had been attempted or completed. Contrary to the further contention of defendant, the verdict is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]).

We reject defendant's contention that County Court erred in its *Ventimiglia* ruling in admitting evidence of defendant's prior bad acts. Evidence of those acts, which included threats by defendant to three of the People's witnesses, was admissible on the issue of defendant's consciousness of guilt (*see People v Arguinzoni*, 48 AD3d 1239, 1240 [2008], *lv denied* 10 NY3d 859 [2008]). Defendant failed to preserve for our review his contention that the court erred in failing to instruct the jury that a witness who had agreed to steal from the codefendant in the event that the robbery was successful was an accomplice as a matter of law, and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see People v Smith-Merced*, 50 AD3d 259 [2008], *lv denied* 10 NY3d 939 [2008]). We conclude that the court did not err in failing to instruct the jury that the codefendant's girlfriend was an accomplice as a matter of law, inasmuch as she was at most an accessory after the fact, not a participant in the crime (*see* CPL 60.22 [2] [a]; *People v Jones*, 73 NY2d 902, 903 [1989], *rearg denied* 74 NY2d 651 [1989]).

We agree with defendant that the court erred in failing to instruct the jury that the witness who procured the guns for defendant and codefendant with the knowledge that the guns would be used for a robbery was an accomplice as a matter of law (*see People v Beaudet*, 32 NY2d 371, 376-377 [1973]; *see generally* CPL 60.22 [2]). We conclude, however, that the error is harmless because the evidence of guilt is overwhelming, and there is no significant probability that defendant otherwise would have been acquitted (*see People v Chestnut*, 24 AD3d 463 [2005], *lv denied* 6 NY3d 846 [2006]; *see generally People v Crimmins*, 36 NY2d 230, 241-242 [1975]).

We agree with defendant that the sentence imposed for crimi-

nal possession of a weapon in the second degree must run concurrently with the sentence imposed for murder in the second degree, and we therefore modify the judgment accordingly. "There was no evidence of intended use of the weapon against another apart from its use in the killing of the murder victim" (*People v Boyer*, 31 AD3d 1136, 1139 [2006], *lv denied* 7 NY3d 865 [2006]). We conclude that the sentence, as modified, is not unduly harsh or severe.

To the extent that the contention of defendant in his pro se supplemental brief that he was denied effective assistance of counsel is based on matters outside the record on appeal, that contention must be raised by way of a motion pursuant to CPL article 440 (*see People v Keith*, 23 AD3d 1133, 1134-1135 [2005], *lv denied* 6 NY3d 815 [2006]), and on the record before us we conclude that defendant received effective assistance of counsel (*see generally People v Baldi*, 54 NY2d 137, 147 [1981]). The contention of defendant in his pro se supplemental brief concerning the court's ruling on witness intimidation is without merit and, even assuming, arguendo, that preservation is not required with respect to defendant's contention concerning CPL 270.15 (1) (a), we conclude that defendant's contention is without merit. The remaining contentions of defendant in his pro se supplemental brief that are not otherwise addressed herein are unpreserved for our review (*see* CPL 470.05 [2]), and we decline to exercise our power to review them as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). Present—Scudder, P.J., Hurlbutt, Lunn, Green and Gorski, JJ.