■■■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEVE STROMAN, Appellant. [872 NYS2d 684]—Appeal from a judgment of the Cayuga County Court (Peter E. Corning, J.), rendered July 9, 1998. The judgment convicted defendant, upon a jury verdict, of rape in the second degree (19 counts), sodomy in the second degree (19 counts), incest in the third degree (60 counts), rape in the third degree (37 counts), sodomy in the third degree (37 counts) and endangering the welfare of a child (21 counts).

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: We previously granted defendant's motion for a writ of error coram nobis on the ground that appellate counsel failed to raise an issue on direct appeal that may have merit, i.e., that defendant's trial counsel was ineffective (*People v Stroman*, 38 AD3d 1369 [2007]). Defendant now appeals de novo from the judgment convicting him after a jury trial of multiple counts of, inter alia, rape in the second degree (Penal Law § 130.30 [1]), sodomy in the second degree (former § 130.45 [1]), incest in the third degree (§ 255.25) and endangering the welfare of a child (§ 260.10 [1]).

Contrary to the contention of defendant, County Court properly denied his motion to dismiss the indictment for lack of specificity (see *People v Miller*, 197 AD2d 925, 926 [1993], *lv denied* 83 NY2d 807 [1994]; see generally *People v Morris*, 61 NY2d 290, 295 [1984]). We further conclude that the indictment was neither duplicitous on its face (see generally *People v Keindl*, 68 NY2d 410, 419-421 [1986], *rearg denied* 69 NY2d 823 [1987]), nor was it rendered duplicitous based on the testimony of the victim on cross-examination (see *People v Coveney*, 134 Misc 2d 894, 899-900 [1987]; cf. *People v Jones*, 165 AD2d 103, 108-109 [1991], *lv denied* 77 NY2d 962 [1991]). In addition, the conviction is supported by legally sufficient evidence (see generally *People v Bleakley*, 69 NY2d 490, 495 [1987]) and, viewing the evidence in light of the elements of the crimes as charged to the

jury (*see People v Danielson*, 9 NY3d 342, 349 [2007]), we conclude that the verdict is not against the weight of the evidence (*see generally Bleakley*, 69 NY2d at 495).

Defendant further contends that he was denied a fair trial by prosecutorial misconduct, but he failed to preserve for our review most of the alleged instances of prosecutorial misconduct (*see* CPL 470.05 [2]; *People v Diaz*, 52 AD3d 1230 [2008], *lv denied* 11 NY3d 831 [2008]). In any event, we conclude that "[a]ny improprieties were not so pervasive or egregious as to deprive defendant of a fair trial" (*People v Cox*, 21 AD3d 1361, 1364 [2005], *lv denied* 6 NY3d 753 [2005] [internal quotation marks omitted]). We further conclude that the court did not abuse its discretion in limiting the cross-examination of the victim with respect to matters bearing only on her credibility (*see generally People v Duffy*, 36 NY2d 258, 262-263 [1975], *mot to amend remittitur granted* 36 NY2d 857 [1975], *cert denied* 423 US 861 [1975]; *People v McCullough*, 278 AD2d 915, 917 [2000], *lv denied* 96 NY2d 803 [2001]).

Finally, we conclude that the evidence, the law, and the circumstances of this case, viewed in totality and as of the time of the representation, establish that defendant received meaningful representation (*see generally People v Baldi*, 54 NY2d 137, 147 [1981]).

We have examined the remaining contention of defendant in his pro se supplemental brief and conclude that it does not warrant reversal. Present—Martoche, J.P., Smith, Centra, Green and Pine, JJ.