THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY P. FORTINO, JR., Appellant. [876 NYS2d 811]—

Appeal from a judgment of the Oswego County Court (Walter W. Hafner, Jr., J.), rendered August 3, 2007. The judgment convicted defendant, upon a jury verdict, of murder in the second degree (two counts), burglary in the second degree (two counts), and burglary in the third degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of two counts each of murder in the second degree (Penal Law § 125.25 [1], [3]) and burglary in the second degree (§ 140.25 [1] [b], [c]), and one count of burglary in the third degree (§ 140.20). We reject defendant's contention that reversal is required based upon prosecutorial misconduct. "With respect to the instances of alleged prosecutorial misconduct that are preserved for our review, we conclude that 'the conduct of the prosecutor was not so egregious or prejudicial as to deny defendant his right to a fair trial' " (*People v Mastowski*, 26 AD3d 744, 746 [2006], *lv denied* 6 NY3d 850, 7 NY3d 815 [2006], quoting *People v Dexter*, 259 AD2d 952, 954 [1999], *affd* 94 NY2d 847 [1999]; *see People v Diaz*, 52 AD3d 1230 [2008], *lv denied* 11 NY3d 831 [2008]). Defendant failed to preserve for our review his contention with respect to the remaining instances of alleged prosecutorial misconduct during summation (*see* CPL 470.05 [2]; *Diaz*, 52 AD3d at 1231), and we decline to exercise our power to review those instances of alleged prosecutorial misconduct as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]).

Defendant also failed to preserve for our review his contention that County Court failed to conduct an adequate inquiry to determine if a juror was grossly unqualified to serve (*see People v Haynes*, 35 AD3d 1212, 1213 [2006], *lv denied* 8 NY3d 946 [2007]). In any event, that contention is without merit. The record establishes that the court's inquiry revealed that the juror had only a "limited exchange" with another person and that the exchange did not render her grossly unqualified to serve (*People v Griffin*, 41 AD3d 1285, 1286 [2007], *lv denied* 9 NY3d 923 [2007], *reconsideration denied* 9 NY3d 990 [2007]; *see* CPL

270.35 [1]). Defendant also failed to preserve for our review his contention that the court erred in failing to instruct the jury that a certain witness was an accomplice as a matter of law, thus requiring corroboration of her testimony (*see People v Argentina*, 27 AD3d 569 [2006], *lv denied* 7 NY3d 751 [2006]; *see also People v Taylor*, 57 AD3d 1518 [2008]). In any event, the failure of the court to give that instruction is of no moment, inasmuch as the testimony of the witness was in fact amply corroborated (*see People v Smith-Merced*, 50 AD3d 259 [2008], *lv denied* 10 NY3d 939 [2008]; *People v Cody*, 190 AD2d 684, 685 [1993], *lv denied* 81 NY2d 969 [1993]). Contrary to defendant's contention, the court properly refused to suppress a statement made by defendant after he invoked his right to counsel. The record of the suppression hearing establishes that the statement was spontaneous and not in response to police interrogation or the functional equivalent thereof (*see People v Murphy*, 51 AD3d 1057, 1057-1058 [2008], *lv denied* 11 NY3d 792 [2008]; *People v Maye*, 18 AD3d 1026, 1028 [2005], *lv denied* 5 NY3d 808 [2005]; *People v Folger*, 292 AD2d 841 [2002], *lv denied* 98 NY2d 675 [2002]). Finally, we reject the further contention of defendant that he was denied effective assistance of counsel (*see generally People v Baldi*, 54 NY2d 137, 147 [1981]). Present— Smith, J.P., Centra, Fahey, Carni and Gorski, JJ.