■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PERNELL LEIBERT, Appellant. [896 NYS2d 347]—

Judgment, Supreme Court, New York County (Edward J. McLaughlin, J.), rendered March 9, 2007, convicting defendant, after a jury trial, of criminal possession of stolen property in the third degree, and sentencing him, as a second felony offender, to a term of 3½ to 7 years, unanimously affirmed.

The court properly denied defendant's motion to suppress identification evidence. After a jeweler had already identified defendant, from a store surveillance videotape, as the person who had sold him a distinctive necklace, detectives returned to the store to continue the investigation. During a conversation among the detectives, a detective took out photographs of defendant and his twin brother. The jeweler unexpectedly came up from behind and spontaneously identified defendant's photograph. Regardless of whether this event can be viewed as the equivalent of a single-photo showup, or an inadequate photo array, we find no basis for suppression of any identification evidence. The accidental viewing was not a police-arranged procedure (*see People v Clark*, 85 NY2d 886, 888-889 [1995]; *People v*

*Curry*, 287 AD2d 252, 253 [2001], *lv denied* 97 NY2d 680 [2001], 98 NY2d 636 [2002]; *People v Powell*, 269 AD2d 178 [2000], *lv denied* 94 NY2d 951 [2000]). To the extent that a completely unintended viewing may still be subject to constitutional scrutiny (*cf. Raheem v Kelly*, 257 F3d 122, 137 [2d Cir 2001], *cert denied sub nom. Donnelly v Raheem*, 534 US 1118 [2002] [unintentionally suggestive procedure]), the identification was sufficiently reliable despite any suggestiveness in the viewing. Aside from having identified defendant from the videotape before viewing his photo, the jeweler also identified defendant at a lineup six weeks later, which was sufficient time to attenuate any taint from the viewing of the photo (*see People v Thompson*, 17 AD3d 138 [2005], *lv denied* 5 NY3d 795 [2005]), especially since there were significant changes in defendant's appearance by the time of the lineup (*see People v Rodriguez*, 64 NY2d 738, 741 [1984]). Contrary to defendant's argument, the circumstances did not require the police to include defendant's brother in the lineup. Finally, any error in the receipt of identification evidence was harmless in view of the overwhelming evidence establishing defendant's identity as the person who sold the necklace.

Defendant's challenges to the sufficiency of the evidence are unpreserved and we decline to review them in the interest of justice. As an alternative holding, we find that the evidence was legally sufficient. We further find that the verdict was not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348-349 [2007]). Since defendant sold the stolen property within 15 hours from the time it was taken in a robbery, the jury was entitled to infer from defendant's recent, exclusive and unexplained possession that he knew it was stolen (*see e.g. People v Rogers*, 186 AD2d 438, 439 [1992], *lv denied* 81 NY2d 765 [1992]). In addition, defendant (who was acquainted with the victim's girlfriend) saw the victim wearing the unique necklace and medallion two hours before the robbery, defendant avoided giving the jeweler his identification after the sale, and there was evidence permitting a rational inference that defendant knew the robbers. There was ample evidence, including the credible testimony of the victim and the jeweler, to warrant the conclusion that the value of the property exceeded the statutory threshold.

Defendant's challenges to the admissibility of certain evidence are without merit. Each of these items provided circumstantial evidence of defendant's guilt, particularly with regard to the element of knowledge, and defendant's arguments go to the weight to be accorded the evidence, not its admissibility (*see generally People v Mirenda*, 23 NY2d 439, 452-454 [1969]).

We perceive no basis for reducing the sentence. Concur— Friedman, J.P., Catterson, McGuire, Acosta and Renwick, JJ.