■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JACOB ROUSE, Appellant. [902 NYS2d 493]—

Appeal from a judgment of the Monroe County Court (Frank P. Geraci, Jr., J.), rendered November 22, 2006. The judgment convicted defendant, upon a jury verdict, of murder in the second degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of murder in the second degree (Penal Law § 125.25 [3]). County Court properly refused to admit in evidence that part of a statement made by a codefendant to police investigators in which he indicated that he shot his weapon in the direction of the victim's vehicle when he observed the vehicle almost hit his brother. Contrary to defendant's contention, that part of the codefendant's statement is not admissible as a declaration against penal interest because it was not "disserving to the [codefendant]" (*People v Brensic*, 70 NY2d 9, 16 [1987], *mot to amend remittitur granted* 70 NY2d 722 [1987]; *see generally People v Geoghegan*, 51 NY2d 45, 49 [1980]). The evidence, viewed in the light most favorable to the People (*see People v Contes*, 60 NY2d 620, 621 [1983]), is legally sufficient

to establish the underlying felony of attempted robbery and thus to support the conviction (*see People v Montanez*, 57 AD3d 1366, 1366-1367 [2008], *lv denied* 12 NY3d 857 [2009]; *see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). Viewing the evidence in light of the elements of the crime as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349 [2007]), we conclude that the verdict is not against the weight of the evidence (*see People v Curry*, 294 AD2d 608, 609-610 [2002], *lv denied* 98 NY2d 674 [2002]; *see generally Bleakley*, 69 NY2d at 495). Finally, the sentence is not unduly harsh or severe. Present—Smith, J.P., Fahey, Carni, Green and Gorski, JJ.