■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MATTHEW FREEMAN, Appellant. [910 NYS2d 778]—

Appeal from a judgment of the Onondaga County Court (William D. Walsh, J.), rendered January 3, 2007. The judgment convicted defendant, upon a jury verdict, of burglary in the first degree (two counts), aggravated assault upon a police officer or a peace officer, and criminal possession of a weapon in the second degree (two counts).

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of two counts each of burglary in the first degree (Penal Law § 140.30 [1], [2]) and criminal possession of a weapon in the second degree (§ 265.03 former [2]) and one count of aggravated assault upon a police officer or peace officer (§ 120.11). The evidence, viewed in the light most favorable to the People (*see People v Contes*, 60 NY2d 620, 621 [1983]), is legally sufficient to establish that defendant was present at the scene of the crimes (*see People v Moore*, 29 AD3d 1077, 1078 [2006]), and it is also legally sufficient to establish that the weapon at issue with respect to the conviction of criminal possession of a weapon under count six of the indictment was operable (*see People v Shaffer*, 130 AD2d 949, 950 [1987], *lv denied* 70 NY2d 717 [1987]). Viewing the evidence in light of the elements of the crimes as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349 [2007]), we conclude that the verdict is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]).

The majority of the contentions of defendant in his main brief with respect to alleged instances of prosecutorial misconduct during summation are not preserved for our review (*see* CPL 470.05 [2]) and, in any event, we conclude that "[a]ny 'improprieties were not so pervasive or egregious as to deprive defendant

of a fair trial' " (*People v Johnson*, 303 AD2d 967, 968 [2003], *lv denied* 100 NY2d 583 [2003]). We reject the further contention of defendant in his main brief that he was denied effective assistance of counsel based on defense counsel's failure to object to the allegedly improper comments by the prosecutor (*see People v Cox*, 21 AD3d 1361, 1364 [2005], *lv denied* 6 NY3d 753 [2005]). We reject defendant's contention that the sentence is unduly harsh or severe. We note, however, that the aggregate maximum term of the sentence exceeds the 40-year limitation set forth in Penal Law § 70.30 (1) (e) (iv), and thus the sentence should be recalculated accordingly by the Department of Correctional Services.

Even assuming, arguendo, that County Court erred in denying defendant's request to instruct the jury that the witness who supplied a weapon to defendant was an accomplice as a matter of law, thus requiring corroboration of his testimony (*cf. People v Montanez*, 57 AD3d 1366, 1367 [2008], *lv denied* 12 NY3d 857 [2009]), we conclude that "the failure of the court to give that instruction is of no moment, inasmuch as the testimony of the witness was in fact amply corroborated" (*People v Fortino*, 61 AD3d 1410, 1411 [2009], *lv denied* 12 NY3d 925 [2009]). The contention of defendant in his pro se supplemental brief that the court erred in failing to submit to the jury the question whether that witness and another witness were accomplices as a matter of fact is not preserved for our review (*see People v Balser*, 185 AD2d 679 [1992], *lv denied* 81 NY2d 881 [1993]), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). Contrary to the further contention of defendant in his pro se supplemental brief, the court's *Sandoval* ruling did not constitute an abuse of discretion (*see People v Walker*, 66 AD3d 1331 [2009], *lv denied* 13 NY3d 942 [2010]). Finally, the contention of defendant in his pro se supplemental brief that the court erred in failing to respond to the request by the jury for a read back of the prosecutor's summation is unpreserved for our review (*see generally People v Williams*, 50 AD3d 472, 473 [2008], *lv denied* 10 NY3d 940 [2008]) and, in any event, that contention lacks merit (*see People v Velasco*, 77 NY2d 469, 474 [1991]). Present—Scudder, P.J., Peradotto, Carni, Green and Gorski, JJ.