# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1426**
**KA 10-01556**
PRESENT: SCUDDER, P.J., CENTRA, CARNI, AND SCONIERS, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT

V                                                          MEMORANDUM AND ORDER

TAYE M. BROWN, DEFENDANT-APPELLANT.

---

EASTON THOMPSON KASPEREK SHIFFRIN LLP, ROCHESTER (DONALD M. THOMPSON OF COUNSEL), FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (ROBERT J. SHOEMAKER OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Monroe County Court (Alex R. Renzi, J.), rendered March 11, 2009. The judgment convicted defendant, upon a jury verdict, of assault in the first degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of assault in the first degree (Penal Law § 120.10 [1]). We reject defendant's contention that County Court erred in denying his motion seeking to suppress the identification testimony of two witnesses on the ground that the photo array used in the pretrial identification procedures was unduly suggestive. We note that one witness did not make a positive identification of defendant from any photo array at any time. Instead, that witness identified defendant in a lineup procedure. The other witness made a positive identification of defendant from a photo array and again in a lineup procedure conducted 53 days later. Contrary to defendant's contention, the fact that he was photographed from a closer range did not impermissibly draw attention to his photograph in the array (*see People v Brown*, 169 AD2d 934, 935, *lv denied* 77 NY2d 958; *see also People v Smiley*, 49 AD3d 1299, 1300, *lv denied* 10 NY3d 870). In addition, the court properly declined to suppress the lineup identification on the ground that it was influenced by the suggestiveness of the photo array procedure. We conclude that the passage of time between the photographic array and the lineup procedure was sufficient to dissipate any taint of suggestiveness (*see People v Thompson*, 17 AD3d 138, 139, *lv denied* 5 NY3d 795; *People v Allah*, 158 AD2d 605, 606, *lv denied* 76 NY2d 730).

We reject defendant's further contention that the procedure followed by the court with respect to a jury note during jury

deliberations violated the procedure set forth by the Court of Appeals in *People v O'Rama* (78 NY2d 270, 277-278), and we conclude that the court fulfilled its "core responsibilities under CPL 310.30" (*People v Tabb*, 13 NY3d 852, 853).  Indeed, the record clearly indicates that defense counsel assisted in formulating responses to the specific factual inquiries presented in the jury note (*see People v Williams*, 50 AD3d 472, 473, *lv denied* 10 NY3d 940).  Further, defendant failed to preserve for our review his contention with respect to that part of the jury note requesting readbacks of certain trial testimony (*see People v Alcide*, 95 AD3d 897, 898, *affd* 21 NY3d 687), and we decline to reach that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]).  Lastly, defendant waived his right to be notified of the jury's request for the trial exhibits, to be present for the reading of any such request in a jury note, and to have any input into the manner of delivery of the exhibits to the jury (*see People v King*, 56 AD3d 1193, 1194, *lv denied* 11 NY3d 926).

Entered:  February 13, 2015                    Frances E. Cafarell
                                               Clerk of the Court