People v Hurlburt (2019 NY Slip Op 08318)





People v Hurlburt


2019 NY Slip Op 08318


Decided on November 15, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 15, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., PERADOTTO, DEJOSEPH, NEMOYER, AND WINSLOW, JJ.


1060 KA 17-01343

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
LAURA A. HURLBURT, DEFENDANT-APPELLANT. 






LEANNE LAPP, PUBLIC DEFENDER, CANANDAIGUA (MARK C. DAVISON OF COUNSEL), FOR DEFENDANT-APPELLANT.
JAMES B. RITTS, DISTRICT ATTORNEY, CANANDAIGUA (MELANIE J. BAILEY OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Ontario County Court (William F. Kocher, J.), rendered May 24, 2017. The judgment convicted defendant, upon a jury verdict, of offering a false instrument for filing in the first degree (six counts), grand larceny in the third degree and welfare fraud in the third degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously modified on the facts by reversing that part convicting defendant of welfare fraud in the third degree and dismissing count eight of the indictment, and as modified the judgment is affirmed.
Memorandum: Defendant appeals from a judgment convicting her, upon a jury verdict, of six counts of offering a false instrument for filing in the first degree (Penal Law § 175.35 [1]), one count of grand larceny in the third degree (§ 155.35 [1]), and one count of welfare fraud in the third degree (§ 158.15). Viewing the evidence in the light most favorable to the People (see People v Danielson, 9 NY3d 342, 349 [2007]), we conclude that the evidence is legally sufficient to support the conviction on the counts of offering a false instrument for filing in the first degree and grand larceny in the third degree (see People v Hure, 16 AD3d 774, 775-776 [3d Dept 2005], lv denied 4 NY3d 854 [2005]; see generally Danielson, 9 NY3d at 349; People v Bleakley, 69 NY2d 490, 495 [1987]). Viewing the evidence in light of the elements of the crimes as charged to the jury (see Danielson, 9 NY3d at 349), we conclude that the verdict with respect to those counts is not against the weight of the evidence (see generally Bleakley, 69 NY2d at 495). As the parties correctly recognize, however, the crimes of welfare fraud under Penal Law article 158 do not apply to the Section 8 housing benefits at issue in this case (see People v Davis, 155 AD3d 1527, 1528-1530 [4th Dept 2017], lv denied 31 NY3d 1012 [2018]; see generally § 158.00 [1] [c]). The jury's verdict with respect to the crime of welfare fraud in the third degree is thus against the weight of the evidence (see generally Bleakley, 69 NY2d at 495), and we therefore modify the judgment accordingly (see CPL 470.20 [5]).
Entered: November 15, 2019
Mark W. Bennett
Clerk of the Court