People v McDonald (2020 NY Slip Op 07825)





People v Mcdonald


2020 NY Slip Op 07825


Decided on December 23, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 23, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., LINDLEY, NEMOYER, TROUTMAN, AND BANNISTER, JJ.


1230 KA 18-02416

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
KEITH MCDONALD, DEFENDANT-APPELLANT. 






THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (BARBARA J. DAVIES OF COUNSEL), FOR DEFENDANT-APPELLANT.
KEITH MCDONALD, DEFENDANT-APPELLANT PRO SE.
JOHN J. FLYNN, DISTRICT ATTORNEY, BUFFALO (DAVID A. HERATY OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Erie County Court (Sheila A. DiTullio, J.), rendered September 22, 2015. The judgment convicted defendant upon a jury verdict of attempted murder in the first degree, attempted murder in the second degree, assault in the first degree, attempted robbery in the first degree and criminal possession of a weapon in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously modified on the law by reversing that part convicting defendant of attempted murder in the second degree and dismissing count two of the indictment and as modified the judgment is affirmed.
Memorandum: On appeal from a judgment convicting him upon a jury verdict of attempted murder in the first degree (Penal Law §§ 110.00, 125.27 [1] [a] [vii]; [b]), attempted murder in the second degree
(§§ 110.00, 125.25 [1]), assault in the first degree (§ 120.10 [1]), attempted robbery in the first degree (§§ 110.00, 160.15 [2]), and criminal possession of a weapon in the second degree (§ 265.03 [3]), defendant contends in his main brief that the evidence is not legally sufficient to support the conviction. Defendant failed to move for a trial order of dismissal on the ground that the evidence concerning his intent to kill was legally insufficient, and thus he failed to preserve that part of his contention for our review (see People v Hawkins, 11 NY3d 484, 492 [2008]; People v Gray, 86 NY2d 10, 19 [1995]). Although defendant preserved for our review his contention that the evidence with respect to his identity as the shooter was not legally sufficient, we conclude that the evidence with respect thereto, viewed in the light most favorable to the People (see People v Contes, 60 NY2d 620, 621 [1983]), is legally sufficient to support the conviction (see generally People v Bleakley, 69 NY2d 490, 495 [1987]). The evidence at trial established that defendant's DNA was the major contributor to DNA profiles generated from the clothing and the gun discovered near the crime scene soon after the crime, and the victim identified the items as those used by the perpetrator (see People v Pandajis, 147 AD3d 1469, 1470-1471 [4th Dept 2017], lv denied 29 NY3d 1084 [2017]). Viewing the evidence in light of the elements of the crimes as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we reject defendant's further contention in his main brief that the verdict is against the weight of the evidence (see generally Bleakley, 69 NY2d at 495).
As defendant correctly concedes, his contention in his main brief that he was denied a fair trial by prosecutorial misconduct during summation is, for the most part, unpreserved for our review because he failed to object to most of the alleged instances of misconduct (see CPL 470.05 [2]; People v Davis, 155 AD3d 1527, 1530 [4th Dept 2017], lv denied 31 NY3d 1012 [2018]). In any event, we conclude that the comments made by the prosecutor about the DNA evidence and other matters on summation were a fair response to defense counsel's summation and "did not exceed the bounds of legitimate advocacy" (People v Melendez, 11 AD3d 983, 984 [*2][4th Dept 2004], lv denied 4 NY3d 888 [2005]). We reject defendant's further contention in his main brief that the sentence is unduly harsh and severe. We note, however, that the part of the judgment convicting defendant of attempted murder in the second degree must be reversed and count two of the indictment dismissed because attempted murder in the second degree is an inclusory concurrent count of attempted murder in the first degree (see People v Fermin, 150 AD3d 876, 880 [2d Dept 2017], lv denied 30 NY3d 1060 [2017]; People v Jackson, 41 AD3d 1268, 1270 [4th Dept 2007], lv denied 10 NY3d 812 [2008], reconsideration denied 11 NY3d 789 [2008]; see generally People v Miller, 6 NY3d 295, 300-301 [2006]). We therefore modify the judgment accordingly. We have considered defendant's remaining contentions in his main brief and his pro se supplemental brief and conclude that none warrants further modification or reversal of the judgment.
Entered: December 23, 2020
Mark W. Bennett
Clerk of the Court