People v Mitchell (2022 NY Slip Op 06359)

People v Mitchell

2022 NY Slip Op 06359

Decided on November 10, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 10, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., NEMOYER, CURRAN, BANNISTER, AND MONTOUR, JJ.

757 KA 18-01372

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
CEDRICK L. MITCHELL, DEFENDANT-APPELLANT. 

JILL L. PAPERNO, ACTING PUBLIC DEFENDER, ROCHESTER (DREW R. DUBRIN OF COUNSEL), FOR DEFENDANT-APPELLANT. 
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (KAYLAN C. PORTER OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Monroe County Court (Christopher S. Ciaccio, J.), rendered May 16, 2018. The judgment convicted defendant after a nonjury trial of grand larceny in the fourth degree, unauthorized use of a vehicle in the third degree, unlawful imprisonment in the second degree and assault in the third degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously modified on the law by reversing that part convicting defendant of unauthorized use of a vehicle in the third degree and dismissing count two of the indictment, and as modified the judgment is affirmed.
Memorandum: Defendant appeals from a judgment convicting him after a nonjury trial of grand larceny in the fourth degree (Penal Law § 155.30 [8]), unauthorized use of a vehicle in the third degree
(§ 165.05 [1]), unlawful imprisonment in the second degree (§ 135.05), and assault in the third degree (§ 120.00 [1]). Contrary to defendant's contention, his conviction of grand larceny in the fourth degree is based upon sufficient evidence inasmuch as there is a "valid line of reasoning and permissible inferences" that could lead a rational person to conclude, beyond a reasonable doubt (People v Delamota, 18 NY3d 107, 113 [2011]), that when defendant took the vehicle from the victim, he " 'did so with the intent to deprive the [victim] of [her] vehicle within the meaning of Penal Law § 155.00 (3)' " (People v Hickey, 171 AD3d 1465, 1466 [4th Dept 2019], lv denied 33 NY3d 1105 [2019]).
Contrary to defendant's remaining contention, the People met their burden of establishing the amount of restitution, by a preponderance of the evidence, through the victim's testimony at the restitution hearing and supporting documentation (see People v Pugliese, 113 AD3d 1112, 1112-1113 [4th Dept 2014], lv denied 23 NY3d 1066 [2014]). 
We note, however, that the part of the judgment convicting defendant of unauthorized use of a vehicle in the third degree must be reversed and count two of the indictment dismissed because that offense is a lesser inclusory concurrent count of count one, grand larceny in the fourth degree (see Hickey, 171 AD3d at 1466-1467; see generally People v McDonald, 189 AD3d 2162, 2163 [4th Dept 2020], lv denied 36 NY3d 1099 [2021]). We therefore modify the judgment accordingly.
Entered: November 10, 2022
Ann Dillon Flynn
Clerk of the Court