■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v J.T. SIMMONS, Appellant.—Judgment unanimously affirmed. Memorandum: There is no merit to defendant's contention that the court abused its discretion in denying defendant's motion for adjournment of his probation revocation hearing. The delinquency information, when read together with the attached deposition of Martha Cummings, gave defendant adequate notice of the time, place and manner in which the violation was committed. Defendant failed to demonstrate that an adjournment was necessary in order to prepare for the hearing. (Appeal from Judgment of Supreme Court, Monroe County, Purple, Jr., J.—Violation of Probation.) Present—Denman, P. J., Boomer, Green, Balio and Doerr, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DONALD L. SAMIEC, JR., Appellant.—Judgment unanimously affirmed. Memorandum: There is no merit to defendant's contentions that his conviction for third degree criminal mischief is against the weight of the evidence and repugnant to his acquittal of fourth degree criminal mischief. The testimony of the three passengers in the car was consistent concerning defendant's conduct in driving his vehicle into the Blazer. The testimonial inconsistencies cited by defendant are insignificant. Further, there is no logical inconsistency or repugnancy in the verdict finding that defendant intended to damage the Blazer but not the Monarch.

With respect to defendant's final contention, we conclude that there is sufficient corroboration of the accomplice testimony to support defendant's conviction of second degree criminal mischief. Evidence of defendant's incriminating admissions to a nonaccomplice and proof that his sneaker print was consistent with that found on the vehicle tended to connect defendant with the commission of the crime (see, CPL 60.22 [1]; People v Hudson, 51 NY2d 233, 238). (Appeal from Judgment of Genesee County Court, Morton, J.—Criminal Mischief, 2nd Degree.) Present—Denman, P. J., Boomer, Green, Balio and Doerr, JJ.