■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM WALKER, Appellant. [761 NYS2d 35] —Judgment, Supreme Court, New York County (Joan Sudolnik, J.), rendered June 17, 1999, convicting defendant, after a jury trial, of robbery in the third degree and criminal possession of a controlled substance in the seventh degree, and sentencing him, as a persistent felony offender, to concurrent terms of 15 years to life and 1 year, respectively, unanimously affirmed. Judgment, same court (John Stackhouse, J.), rendered June 1, 1999, convicting defendant, after a jury trial, of assault in the first degree and criminal possession of a weapon in the third degree, and sentencing him, as a persistent violent felony offender, to concurrent terms of 25 years to life and $3^1/_2$ to 7 years, respectively, unanimously reversed, on the law, and the matter remanded for a new trial.

With respect to the trial at which defendant was convicted of robbery and criminal possession of a controlled substance, the court properly denied defendant's application pursuant to *Batson v Kentucky* (476 US 79 [1986]). Defendant did not establish a prima facie case of intentional discrimination. Defendant's numerical argument was not so compelling as to be conclusive by itself (*see People v Brown*, 97 NY2d 500, 507-508 [2002]), and he failed to articulate any other facts or circumstances bearing on this issue. While he makes new arguments on appeal, these arguments are unpreserved (*People v James*, 99 NY2d 264, 270 [2002]), and we decline to review them in the interest of justice.

With respect to the trial at which defendant was convicted of assault in the first degree and criminal possession of a weapon in the third degree, a new trial is necessary because crucial minutes have been irretrievably lost and because the record, even after reconstruction proceedings, is insufficient to permit effective appellate review (*see People v Harrison*, 85 NY2d 794, 796 [1995]; *People v Glass*, 43 NY2d 283, 286 [1977]). Defendant claims that at the trial in question, the court improperly

---

* Deceased June 1, 2003.

rejected, as pretextual, the race-neutral reasons he offered for peremptorily challenging certain panelists and improperly seated these panelists over his objection. As to the majority of the jurors at issue, the reconstructed record is still so inconclusive as to the race-neutral reasons offered by defendant, along with related circumstances, that this Court cannot review the trial court's finding of pretext, even under the standard of "great deference" (see People v Hernandez, 75 NY2d 350, 356 [1990], affd 500 US 352 [1991]).

Furthermore, although the issue need not be resolved in light of our direction for a new trial because of the reconstruction issue, the court should have granted defendant's request to charge second degree assault as a lesser included offense of first degree assault. Defendant clearly caused serious physical injury to the victim, and his intent to do so is manifestly inferrable from his actions. Nevertheless, when viewed most favorably to defendant (see People v Martin, 59 NY2d 704 [1983]), there was a reasonable view of the evidence under which the jury could have concluded that defendant cut the victim with intent to cause physical injury, rather than serious physical injury (see People v Mahoney, 122 AD2d 815 [1986], lv denied 68 NY2d 1002 [1986]).

We have examined the other issues and find they are without merit. Concur—Tom, J.P., Sullivan, Rosenberger, Wallach* and Gonzalez, JJ.