■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TOFEEK ALBANNA, Appellant. [804 NYS2d 169]—

Appeal from a judgment of the Erie County Court (Sheila A. DiTullio, J.), rendered January 28, 2004. The judgment

convicted defendant, upon a jury verdict, of assault in the first degree and criminal possession of a weapon in the fourth degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously modified on the law by reversing that part convicting defendant of assault in the first degree and as modified the judgment is affirmed, and a new trial is granted on count one of the indictment.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of assault in the first degree (Penal Law § 120.10 [1]) and criminal possession of a weapon in the fourth degree (§ 265.01 [2]). Defendant failed to preserve for our review his contentions concerning the alleged legal insufficiency of the evidence (*see People v Gray*, 86 NY2d 10, 19 [1995]). In addition, contrary to defendant's contention, the verdict is not against the weight of the evidence (*see People v Bleakley*, 69 NY2d 490, 495 [1987]). We agree with defendant, however, that County Court erred in denying his request to charge assault in the second degree (§ 120.05 [2]) as a lesser included offense of assault in the first degree (*see People v Walker*, 306 AD2d 56, 57 [2003], *lv denied* 100 NY2d 600 [2003]; *People v Mahoney*, 122 AD2d 815, 816 [1986], *lv denied* 68 NY2d 1002 [1986]; *cf. People v Porter*, 69 AD2d 1007 [1979]). Viewing the evidence in the light most favorable to defendant, as we must (*see People v Martin*, 59 NY2d 704, 705 [1983]), we conclude that there is a reasonable view of the evidence that defendant intended to cause "physical injury" to the victim (§ 120.05 [2]), but not "serious physical injury" (§ 120.10 [1]), and thus the court should have granted defendant's request to charge the lesser included offense (*see People v Edwards*, 16 AD3d 226, 227 [2005]; *Walker*, 306 AD2d at 57; *People v Richardson*, 215 AD2d 222 [1995]; *cf. People v Tatta*, 177 AD2d 674 [1991], *lv denied* 79 NY2d 923 [1992]). We therefore modify the judgment by reversing that part convicting defendant of assault in the first degree, and we grant a new trial on count one of the indictment. Present—Hurlbutt, J.P., Scudder, Kehoe, Martoche and Hayes, JJ.