■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE MENDEZ, Appellant. [909 NYS2d 848]—

Appeal from a judgment of the Monroe County Court (Roy W. King, A.J.), rendered November 30, 2006. The judgment convicted defendant, upon a jury verdict, of burglary in the first degree, assault in the first degree, and robbery in the second degree (four counts).

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him, upon a jury verdict, of burglary in the first degree (Penal Law § 140.30 [2]), assault in the first degree (§ 120.10 [4]), and four counts of robbery in the second degree (§ 160.10 [1], [2] [b]). We conclude that County Court did not err in refusing to suppress defendant's written statement that was given at the police station. Defendant was administered *Miranda* rights at approximately 9:30 P.M., at which time he waived those rights. Subsequently, defendant remained in police custody, and there is no evidence in the record before us that he invoked his right to counsel or had reason to believe that he was no longer under investigation. The police questioned defendant approximately three hours later, without readministering defendant's *Miranda* rights, and defendant gave the written statement at issue. We conclude, under the facts of this case, that there was no need for the police to readminister defendant's *Miranda* rights and thus that the court properly refused to suppress defendant's written statement (*see People v Dudley*, 31 AD3d 264, 265 [2006], *lv denied* 7 NY3d 866 [2006]).

We further conclude that the court properly denied defendant's motion for a mistrial based on the single use by a police officer of the term "home invasion" during his trial testimony, despite the fact that the court had ruled that the term would be inadmissible. The court issued a curative instruction to the jury, which the jury is presumed to have followed (*see generally People v Moore*, 71 NY2d 684, 688 [1988]), and we cannot conclude that the single use of that term was so prejudicial that a fair and impartial verdict could not be reached (*see generally People v Collins*, 72 AD2d 431, 435-436 [1980]).

We also reject the contention of defendant that he was denied effective assistance of counsel, inasmuch as defendant failed to

show the absence of a strategic explanation for defense counsel's alleged shortcomings (*see People v Benevento*, 91 NY2d 708, 712 [1998]; *see generally People v Baldi*, 54 NY2d 137, 147 [1981]). Likewise, viewing the evidence in light of the elements of the crimes as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349 [2007]), we conclude that the verdict is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). Finally, the sentence is not unduly harsh or severe. Present—Smith, J.P., Fahey, Sconiers, Pine and Gorski, JJ.