■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MORRIS B. YUSON, Appellant. [921 NYS2d 611]—

Appeal from a judgment of the Monroe County Court (Richard A. Keenan, J.), rendered December 20, 2007. The judgment convicted defendant, upon his plea of guilty, of assault in the second degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon his plea of guilty of assault in the second degree (Penal Law § 120.05 [2]), defendant contends that his sentence is illegal because County Court imposed a five-year period of postrelease supervision. The People correctly concede that, although defendant did not preserve his contention for our review, preservation is not required inasmuch as defendant challenges the legality of his sentence (*see People v Ramsey*, 59 AD3d 1046, 1048 [2009], *lv denied* 12 NY3d 858 [2009]; *People v Fuentes*, 52 AD3d 1297, 1300-1301 [2008], *lv denied* 11 NY3d 736 [2008]; *People v Fomby*, 42 AD3d 894, 896 [2007]). We nevertheless reject defendant's contention.

Defendant's plea of guilty to assault in the second degree, a class D violent felony, was in satisfaction of an indictment charging, inter alia, robbery in the first degree (Penal Law § 160.15 [4]) as an armed felony as defined in CPL 1.20 (41) (b). Consequently, defendant was sentenced pursuant to Penal Law § 70.02 (4). Inasmuch as none of the exceptions set forth in former section 70.45 (2) apply herein, the statute mandates the imposition of a five-year period of postrelease supervision (*see generally People v McCants*, 54 AD3d 445 [2008]; *People v Hanley*, 43 AD3d 487 [2007]; *People v McQuiller*, 19 AD3d 1043, 1045 [2005], *lv denied* 5 NY3d 808 [2005]). Present—Scudder, P.J., Smith, Lindley, Green and Gorski, JJ.