# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1013**
**KA 09-02654**
PRESENT: CENTRA, J.P., FAHEY, SCONIERS, GREEN, AND MARTOCHE, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                         MEMORANDUM AND ORDER

ADRIENNE MARCH, ALSO KNOWN AS VANESSA GREGG,
DEFENDANT-APPELLANT.

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (ROBERT B. HALLBORG, JR., OF COUNSEL), FOR DEFENDANT-APPELLANT.

ADRIENNE MARCH, DEFENDANT-APPELLANT PRO SE.

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (MICHAEL J. HILLERY OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Erie County (Shirley Troutman, A.J.), rendered December 21, 2009. The judgment convicted defendant, upon a jury verdict, of attempted murder in the first degree (two counts), assault in the first degree (two counts) and criminal possession of a weapon in the second degree, and, upon her plea of guilty, of attempted forgery in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously modified on the law by vacating the sentences imposed for the two counts of attempted murder in the first degree and as modified the judgment is affirmed, and the matter is remitted to Supreme Court, Erie County, for resentencing on counts one and two of the indictment.

Memorandum: Defendant was convicted upon a jury verdict of, inter alia, two counts each of attempted murder in the first degree (Penal Law §§ 110.00, 125.27 [1] [a] [viii]; [b]) and assault in the first degree (§ 120.10 [1]). Preliminarily, we note that defendant appeals only from the judgment rendered on December 18, 2009, which was superseded by the judgment rendered on December 21, 2009. Nevertheless, we exercise our discretion, in the interest of justice, and treat the notice of appeal as valid (*see* CPL 460.10 [6]; *People v Lerario*, 50 AD3d 1396, *lv denied* 10 NY3d 961).

Turning to the merits, we reject defendant's contention that she received ineffective assistance of counsel based on defense counsel's failure to request that Supreme Court charge assault in the second degree (Penal Law § 120.05 [4]) as a lesser included offense of assault in the first degree (§ 120.10 [1]) under count six of the indictment. To the extent that defendant contends that defense

counsel was ineffective in failing to seek that charge after the jury retired to deliberate, her contention lacks merit because a request that a lesser included offense be charged must be made before the jury has commenced its deliberations or such a request is deemed to be waived (*see* CPL 300.50 [1]; *People v Duncan*, 46 NY2d 74, 80, *rearg denied* 46 NY2d 940, *cert denied* 442 US 910, *rearg dismissed* 56 NY2d 646).  It is well settled that "[a] defendant is not denied effective assistance of trial counsel [where defense] counsel does not make a motion or argument that has little or no chance of success" (*People v Stultz*, 2 NY3d 277, 287, *rearg denied* 3 NY3d 702; *see People v Crump*, 77 AD3d 1335, 1336, *lv denied* 16 NY3d 857).

Likewise, we reject defendant's contention that she was denied effective assistance of counsel based on defense counsel's failure to request, before the jury retired to deliberate, that the foregoing lesser included offense be charged.  "Defendant failed to show the absence of a strategic explanation for defense counsel's" failure to request the charge (*People v Mendez*, 77 AD3d 1312, 1312-1313, *lv denied* 16 NY3d 799; *see People v Benevento*, 91 NY2d 708, 712), and "mere disagreement with trial strategy is insufficient to establish that defense counsel was ineffective" (*People v Henry*, 74 AD3d 1860, 1862, *lv denied* 15 NY3d 852).

Although we conclude that the sentence is not unduly harsh or severe, we conclude that the consecutive sentences imposed for attempted murder in the first degree under counts one and two are illegal, and that instead the sentences on those counts must be directed to run concurrently (*see People v Rosas*, 8 NY3d 493, 498; *People v Jackson*, 41 AD3d 1268, 1270, *lv denied* 10 NY3d 812, 11 NY3d 789).  "A [c]onsecutive sentence is available if the Legislature has seen fit to provide that up to a particular point the acts of the defendant constitute one crime and that the acts of the defendant, committed thereafter, constitute a second crime and that each series of acts constitut[e] a separate crime . . . Here, by contrast, the same acts constitute both crimes.  In other words, the same actus reus—the intentional murder of the same two victims—is the basis for both first degree murder convictions" (*Rosas*, 8 NY3d at 498 [internal quotation marks omitted]; *see* Penal Law § 70.25 [2]).  The fact that defendant failed to preserve the issue of the illegality of the sentences on those counts for our review is of no moment, inasmuch as we cannot allow an illegal sentence to stand despite the lack of preservation (*see People v Yuson*, 83 AD3d 1502).  Consequently, we modify the judgment by vacating the sentences imposed for attempted murder in the first degree, and we remit to Supreme Court for resentencing on counts one and two of the indictment.

Defendant's remaining contentions are raised in her pro se supplemental brief.  Defendant contends that the parts of the judgment convicting her of assault in the first degree (Penal Law § 120.10 [1]) under counts five and six of the indictment must be reversed, and those counts dismissed, because assault in the first degree is a lesser included offense of attempted murder in the first degree (§§ 110.00, 125.27 [1] [a] [viii]; [b]).  We reject that contention (*see generally People v Glover*, 57 NY2d 61, 64).  We also reject

defendant's contention that she received ineffective assistance of counsel based on defense counsel's failure to request that attempted manslaughter in the first degree be submitted as a lesser included offense of attempted murder in the first degree. Viewing the evidence in the light most favorable to defendant (*see People v Martin*, 59 NY2d 704, 705; *People v Albanna*, 23 AD3d 1004, 1005), there is no reasonable view thereof to support a finding that defendant committed the lesser offense but not the greater (*see generally Glover*, 57 NY2d at 63). Thus, as previously noted, it cannot be said that defendant was denied effective assistance of counsel in the event that defense counsel does not make a motion or argument that has little or no chance of success (*see Stultz*, 2 NY3d at 287; *Crump*, 77 AD3d at 1336). In addition, viewing the evidence in the light most favorable to the People (*see People v Contes*, 60 NY2d 620, 621), we conclude that it is legally sufficient to support the intent elements of the attempted murder and assault crimes of which defendant was convicted (*see People v Bleakley*, 69 NY2d 490, 495; *see also People v Green*, 74 AD3d 1899, 1900, *lv denied* 15 NY3d 852; *People v Flecha*, 43 AD3d 1385, 1386, *lv denied* 9 NY3d 990).

Finally, we have reviewed defendant's two remaining contentions in her pro se supplemental brief and conclude that neither warrants further modification or reversal of the judgment.

Entered: November 18, 2011                    Patricia L. Morgan
                                             Clerk of the Court