# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1244**

**KA 08-02248**

PRESENT: SCUDDER, P.J., SMITH, CENTRA, LINDLEY, AND WHALEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                              MEMORANDUM AND ORDER

JECAHN R. BURNETT, DEFENDANT-APPELLANT.

---

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (ERIC M. DOLAN OF COUNSEL), FOR DEFENDANT-APPELLANT.

JECAHN R. BURNETT, DEFENDANT-APPELLANT PRO SE.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (MATTHEW DUNHAM OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Monroe County (David D. Egan, J.), rendered October 3, 2008. The judgment convicted defendant, upon a jury verdict, of assault in the first degree.

It is hereby ORDERED that the judgment so appealed from is unanimously reversed on the law and a new trial is granted.

Memorandum: On appeal from a judgment convicting him following a jury trial of assault in the first degree (Penal Law § 120.10 [1]), defendant contends that Supreme Court erred in refusing his request to charge assault in the second degree under Penal Law § 120.05 (2) and (4) as lesser included offenses. We agree. According to the two-prong analysis used to determine whether a lesser included offense should be charged, defendant first "must establish that it is impossible to commit the greater crime without concomitantly committing the lesser offense by the same conduct. Second[ ], there must be a reasonable view of the evidence to support a finding that the defendant committed the lesser offense but not the greater" (*People v Van Norstrand*, 85 NY2d 131, 135; *see People v Green*, 56 NY2d 427, 429-430, *rearg denied* 57 NY2d 775). While a defendant's request to charge a lesser included offense need not be granted in every case (*see People v Scarborough*, 49 NY2d 364, 368), "[t]o warrant a refusal to submit it 'every possible hypothesis' but guilt of the higher crime must be excluded" (*People v Henderson*, 41 NY2d 233, 236; *see People v Shuman*, 37 NY2d 302, 304).

Here, as the People correctly concede, the first prong of the test was satisfied, i.e., the two second degree assault charges requested by defendant are lesser included offenses of assault in the first degree as charged in the indictment. Thus, we must determine

whether the second prong of the test was met.  Viewing the evidence in the light most favorable to defendant, as we must (*see People v Daniels*, 97 AD3d 845, 848; *People v March*, 89 AD3d 1496, 1498, *lv denied* 18 NY3d 926), we conclude that the jury could reasonably have concluded that defendant intended to cause physical injury rather than serious physical injury to the victim, or that he recklessly caused physical injury to the victim.  The court should therefore have charged assault in the second degree as a lesser included offense under subdivisions (2) and (4) of Penal Law § 120.05.

Defendant testified at trial that he was confronted, threatened and assaulted by the complainant, who the record shows was 6 feet tall and weighed 215 pounds, as compared to defendant, who was 5 feet 6 inches tall and weighed approximately 150 pounds.  At one point, according to defendant, the complainant had him pinned to the ground and was threatening to kill him.  Defendant further testified that, in an attempt to free himself, he struck the complainant with his pocket knife, which he carried with him at all times for protection purposes.  After sustaining eight stab wounds and two lacerations, as per the testimony of the treating physician, the complainant said "I quit" and got off of defendant.  The complainant then drove himself to the hospital where he was treated for his various wounds, only one of which could have been life threatening if left untreated.

Accepting defendant's testimony as true, and viewing all of the remaining evidence in the light most favorable to the defense, we cannot exclude " 'every possible hypothesis' but guilt" (*Henderson*, 41 NY2d at 236).  Defendant's self-described actions were consistent both with intending to cause physical injury by means of a dangerous instrument and with recklessly causing physical injury by means of a dangerous instrument, the mens rea elements of the two requested lesser included offenses.  Although defendant's testimony was inconsistent with that of the complainant, whom defendant stabbed repeatedly, "[q]uestions of intent are generally factual in nature" (*People v Mahoney*, 122 AD2d 815, 816, *lv denied* 68 NY2d 1002), and this case does not present an exception to the general rule.  We thus conclude that the court should have submitted the requested lesser included offenses to the jury.

Viewing the evidence in the light most favorable to the People (*see People v Contes*, 60 NY2d 620, 621), we conclude that, contrary to defendant's contention, the evidence is legally sufficient to establish that the complainant sustained a serious physical injury (*see generally People v Bleakley*, 69 NY2d 490, 495).

In light of our conclusion that defendant is entitled to a new trial, we need not address defendant's remaining contentions, including those raised in his pro se supplemental brief.

Entered:  November 16, 2012                    Frances E. Cafarell
                                               Clerk of the Court