# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

1179

KA 10-02347

PRESENT: SMITH, J.P., FAHEY, SCONIERS, VALENTINO, AND WHALEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                          MEMORANDUM AND ORDER

NJERA A. WILSON, DEFENDANT-APPELLANT.

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (ROBERT L. KEMP OF COUNSEL), FOR DEFENDANT-APPELLANT.

NJERA A. WILSON, DEFENDANT-APPELLANT PRO SE.

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (MATTHEW B. POWERS OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Erie County Court (Michael L. D'Amico, J.), rendered November 23, 2010. The judgment convicted defendant, upon a jury verdict, of burglary in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him, upon a jury verdict, of burglary in the second degree (Penal Law § 140.25 [2]). The general motion by defendant for a trial order of dismissal is insufficient to preserve for our review his contention that the verdict is not supported by legally sufficient evidence (*see People v Gray*, 86 NY2d 10, 19). In any event, we reject defendant's contention. Viewing the evidence in the light most favorable to the People (*see People v Contes*, 60 NY2d 620, 621), we conclude that there is a valid line of reasoning and permissible inferences to support the jury's finding that defendant committed the crime of which he was convicted based upon the evidence at trial (*see generally People v Bleakley*, 69 NY2d 490, 495). We therefore further conclude that defendant was not denied effective assistance of counsel based on defense counsel's failure to move for a trial order of dismissal on more specific grounds. It is well settled that " '[a] defendant is not denied effective assistance of trial counsel [where defense] counsel does not make a motion or argument that has little or no chance of success' " (*People v March*, 89 AD3d 1496, 1497, *lv denied* 18 NY3d 926, quoting *People v Stultz*, 2 NY3d 277, 287, *rearg denied* 3 NY3d 702).

Defendant further contends that the verdict is against the weight of the evidence because the testimony of the victim was not credible.

The credibility issues identified by defendant on appeal were placed before the jury, and "[w]e accord great deference to the [jury's] resolution of [those] credibility issues . . . 'because those who see and hear the witnesses can assess their credibility and reliability in a manner that is far superior to that of reviewing judges who must rely on the printed record' " (*People v Ange*, 37 AD3d 1143, 1144, *lv denied* 9 NY3d 839, quoting *People v Lane*, 7 NY3d 888, 890). Viewing the evidence in light of the elements of the crime as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we conclude that the verdict is not against the weight of the evidence (*see generally Bleakley*, 69 NY2d at 495).

Contrary to defendant's contention, the showup identification procedure was not unduly suggestive, and County Court properly permitted the in-court identification of defendant. Although showup procedures are generally disfavored (*see People v Ortiz*, 90 NY2d 533, 537), "such procedures are permitted 'where [they are] reasonable under the circumstances—that is, when conducted in close geographic and temporal proximity to the crime—and the procedure used was not unduly suggestive' " (*People v Woodard*, 83 AD3d 1440, 1441, *lv denied* 17 NY3d 803, quoting *People v Brisco*, 99 NY2d 596, 597). Here, defendant was apprehended one block from the scene of the crime and within minutes of its occurrence. Also contrary to defendant's contention, the showup procedure was not rendered unduly suggestive by the fact that defendant was handcuffed and in a patrol car when he was returned to the scene of the crime (*see People v Duuvon*, 77 NY2d 541, 545; *People v Santiago*, 83 AD3d 1471, 1471, *lv denied* 17 NY3d 800; *People v Stoneham*, 50 AD3d 1575, 1576, *lv denied* 10 NY3d 940).

By failing to object to the court's ultimate *Sandoval* ruling, defendant failed to preserve for our review his present challenge to that ruling (*see People v Miller*, 59 AD3d 1124, 1125, *lv denied* 12 NY3d 819; *People v Caito*, 23 AD3d 1135, 1136). In any event, that contention is without merit (*see generally People v Hayes*, 97 NY2d 203, 207-208).

Finally, the contentions of defendant in his pro se supplemental brief do not warrant reversal or modification of the judgment. Specifically, the prosecutor's comments during summation were "either a fair response to defense counsel's summation or fair comment on the evidence" (*People v McEathron*, 86 AD3d 915, 916 [internal quotation marks omitted], *lv denied* 19 NY3d 975). Similarly, the court's *Allen* charge and its instructions on interested witnesses and the failure to testify were proper (*see People v Alvarez*, 86 NY2d 761, 763; *see generally People v Bell*, 38 NY2d 116, 120). We therefore also conclude that defendant's ineffective assistance contention as it relates to defense counsel's failure to object to those comments and charges is without merit (*see Stultz*, 2 NY3d at 287).

Entered: March 15, 2013                          Frances E. Cafarell
                                                 Clerk of the Court