# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

272

KA 07-00149

PRESENT: SMITH, J.P., FAHEY, LINDLEY, SCONIERS, AND VALENTINO, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                              MEMORANDUM AND ORDER

EDWARD REED, DEFENDANT-APPELLANT.

---

D.J. & J.A. CIRANDO, ESQS., SYRACUSE (BRADLEY E. KEEM OF COUNSEL), FOR DEFENDANT-APPELLANT.

EDWARD REED, DEFENDANT-APPELLANT PRO SE.

WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (VICTORIA M. WHITE OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Onondaga County Court (William D. Walsh, J.), rendered January 3, 2007. The judgment convicted defendant, upon a jury verdict, of burglary in the first degree (two counts), aggravated assault upon a police officer or a peace officer and criminal possession of a weapon in the second degree (two counts).

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of aggravated assault upon a police officer or a peace officer (Penal Law § 120.11) and two counts each of burglary in the first degree (§ 140.30 [1], [2]) and criminal possession of a weapon in the second degree (§ 265.03 [former (2)]). Defendant contends that reversal is required based on a *Brady* violation, i.e., the prosecutor's failure to turn over copies of police reports concerning an earlier unrelated shooting, one of which contained a hearsay statement from a confidential informant implicating one of the prosecution witnesses who testified in this case. Even assuming, arguendo, that the reports were required to be turned over notwithstanding the fact that the majority of them indicated that the witness did not commit the crime and indeed that the crime was directed toward that witness in retaliation for another incident, and further assuming, arguendo, that the information was possessed by the prosecution and not by the defense, we conclude that reversal is not warranted. "[T]here is [no] reasonable probability that had it been disclosed to the defense, the result would have been different—i.e., a probability sufficient to undermine the [reviewing] court's confidence in the outcome of the trial" (*People v Bryce*, 88 NY2d 124, 128; *see People v Hunter*, 11 NY3d 1, 5). That witness was heavily cross-

examined at trial concerning his numerous convictions, the serious new charges still pending against him, his failure to come forward with information concerning this defendant until after the witness was arrested on those new charges, and the benefit that he received with respect to those charges in return for testifying against this defendant.  Thus, there is no reasonable probability that additional cross-examination of that witness concerning one more charge would have yielded a different result (*see generally People v Salton*, 74 AD3d 997, 998-999, *lv denied* 15 NY3d 895).

By failing to object to County Court's ultimate *Sandoval* ruling, defendant failed to preserve for our review his present challenge to that ruling (*see People v Wilson*, 104 AD3d 1231, 1233, *lv denied* 21 NY3d 1011, *reconsideration denied* 21 NY3d 1078; *People v Williams*, 101 AD3d 1730, 1732, *lv denied* 21 NY3d 1021).  In any event, that contention is without merit inasmuch as the record establishes that the court "weighed appropriate concerns and limited both the number of convictions and the scope of permissible cross-examination" (*People v Hayes*, 97 NY2d 203, 208).

In addition to his contention concerning the court's *Sandoval* ruling, defendant contends that the court improperly allowed the People to present evidence that he had a prior conviction when a prosecution witness testified that the People's DNA expert sent a DNA profile, which was obtained from evidence at the crime scene, to the CODIS database of convicted felons for comparison.  Defendant failed to preserve that contention for our review (*see* CPL 470.05 [2]; *see generally People v Page*, 105 AD3d 1380, 1382), and we conclude in any event that the People did not in fact thereby present evidence of a prior conviction.  The expert did not testify that a match was obtained from that source after she submitted the profile, and thus there was no evidence that defendant's DNA was in the database of felons.  Similarly, we reject defendant's contention that the court erred in admitting evidence that the police seized sneakers from his house that were consistent with sneaker prints left at the scene of the crime, inasmuch as such evidence was relevant to defendant's guilt (*see e.g. People v Jurgensen*, 288 AD2d 937, 938, *lv denied* 97 NY2d 684; *People v Turcotte*, 252 AD2d 818, 819, *lv denied* 92 NY2d 1054; *People v Samiec*, 181 AD2d 983, 983).

Defendant further contends that the court erred in denying the request of a codefendant's attorney for a jury instruction that one of the witnesses was an accomplice whose testimony required corroboration.  "Defendant failed to join in [the] codefendant's request [for that] charge . . . and thus has failed to preserve his present contention for our review" (*People v Hill*, 300 AD2d 1125, 1126, *lv denied* 99 NY2d 615; *see People v Thompson*, 59 AD3d 1115, 1116-1117, *lv denied* 12 NY3d 860; *People v Fuller*, 286 AD2d 910, 911, *lv denied* 97 NY2d 682).  In any event, we conclude that "the failure of the court to give that instruction is of no moment, inasmuch as the testimony of the witness was in fact amply corroborated" (*People v Fortino*, 61 AD3d 1410, 1411, *lv denied* 12 NY3d 925).

Defendant contends in his main and pro se supplemental briefs that he was denied effective assistance of counsel based on, inter alia, defense counsel's failure to challenge a prospective juror or object to the expert's testimony that the DNA profile from the baseball hat was submitted to the CODIS database. We reject that contention, inasmuch as defendant "failed to show the absence of a strategic explanation for defense counsel's" alleged failures (*People v Mendez*, 77 AD3d 1312, 1312-1313, *lv denied* 16 NY3d 799; *see People v Benevento*, 91 NY2d 708, 712-713). Furthermore, defense counsel was not ineffective in failing to pursue his motion to suppress DNA evidence obtained from liquid that defendant spit out in his driveway, which the police seized therefrom. It is well settled that "[t]here can be no denial of effective assistance of . . . counsel arising from [defense] counsel's failure to 'make a motion or argument that has little or no chance of success' " (*People v Caban*, 5 NY3d 143, 152, quoting *People v Stultz*, 2 NY3d 277, 287, *rearg denied* 3 NY3d 702), and it is clear that the motion was subject to denial on several grounds, among them that defendant failed to post signs excluding the public from the exterior areas of his property and that defendant had no reasonable expectation of privacy in the liquid that he spit out. Defendant's remaining contentions concerning ineffective assistance of counsel "involve[] matters outside the record on appeal, and thus the proper procedural vehicle for raising [those contentions] is by way of a motion pursuant to CPL 440.10" (*People v Wilson*, 49 AD3d 1224, 1225, *lv denied* 10 NY3d 966; *see People v Hall*, 50 AD3d 1467, 1469, *lv denied* 11 NY3d 789). Viewed as a whole, the record establishes that defense counsel provided meaningful representation (*see generally People v Baldi*, 54 NY2d 137, 147).

As we noted with respect to the prosecutor's summation in the context of the appeal by a codefendant, the majority of defendant's contentions in his pro se supplemental brief with respect to alleged instances of prosecutorial misconduct during summation are not preserved for our review (*see* CPL 470.05 [2]) "and, in any event, we conclude that any improprieties were not so pervasive or egregious as to deprive defendant of a fair trial" (*People v Freeman*, 78 AD3d 1505, 1505-1506, *lv denied* 15 NY3d 952 [internal quotation marks omitted]). In addition, viewing the evidence in light of the elements of the crimes as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we reject defendant's contention that the verdict is against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495).

The sentence is not unduly harsh or severe. "We note, however, that the aggregate maximum term of the sentence exceeds the 40-year limitation set forth in Penal Law § 70.30 (1) (e) (iv), and thus the sentence should be recalculated accordingly by the Department of [Corrections and Community Supervision]" (*Freeman*, 78 AD3d at 1506). We have considered defendant's remaining contentions raised in his main and pro se supplemental briefs and conclude that none warrant reversal or modification of the judgment.

Entered: March 28, 2014                    Frances E. Cafarell
                                           Clerk of the Court