People v Spencer (2020 NY Slip Op 02578)





People v Spencer


2020 NY Slip Op 02578


Decided on May 1, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 1, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., NEMOYER, TROUTMAN, WINSLOW, AND BANNISTER, JJ.


430 KA 15-00127

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
MARVIN E. SPENCER, DEFENDANT-APPELLANT.






KIMBERLY J. CZAPRANSKI, SCOTTSVILLE, FOR DEFENDANT-APPELLANT. 
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (LISA GRAY OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Monroe County Court (Douglas A. Randall, J.), rendered October 28, 2014. The judgment convicted defendant, upon a nonjury verdict, of assault in the first degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment convicting him, upon a nonjury verdict, of assault in the first degree (Penal Law § 120.10 [1]), defendant contends that he was denied effective assistance of counsel based on the alleged failure of his attorney to pursue a favorable plea offer. We reject that contention. The record establishes that, although defense counsel sought a plea offer on defendant's behalf, the People refused to extend any offers due to defendant's criminal history. Thus, a favorable plea offer was not an option (see generally People v Wheeler, 159 AD3d 1425, 1425 [4th Dept 2018], lv denied 31 NY3d 1123 [2018]). The record further demonstrates that defendant indicated in recorded jail calls that he was not willing to accept any plea offers from the People. We thus conclude that defendant failed to meet his "burden to demonstrate that a plea offer was made, that defense counsel failed to inform him of that offer, and that he would have been willing to accept the offer" (People v Fernandez, 5 NY3d 813, 814 [2005] [internal quotation marks omitted]).
We also reject defendant's contention that he was deprived of effective assistance of counsel because his attorney objected to the People's request for County Court to consider assault in the second degree (Penal Law § 120.05 [2]) as a lesser included offense of assault in the first degree (§ 120.10 [1]). To prevail on a claim of ineffective assistance of counsel, "it is incumbent on defendant to demonstrate the absence of strategic or other legitimate explanations" for defense counsel's allegedly deficient conduct (People v Rivera, 71 NY2d 705, 709 [1988]; see People v Benevento, 91 NY2d 708, 712 [1998]). Here, even assuming, arguendo, that there is a reasonable view of the evidence to support a finding that defendant intentionally caused physical injury but not serious physical injury to the victim, we conclude that defendant failed to meet that burden (see People v Hicks, 110 AD3d 1488, 1489 [4th Dept 2013], lv denied 22 NY3d 1156 [2014]).
Defense counsel pursued the affirmative defense of justification, and the record demonstrates that defense counsel's objection to the court's consideration of "any lesser[]" included offenses was part of "an acceptable all-or-nothing defense strategy" (People v Guarino, 298 AD2d 937, 938 [4th Dept 2002], lv denied 98 NY2d 768 [2002] [internal quotation marks omitted]; see People v Lane, 60 NY2d 748, 750 [1983]; People v McFadden, 161 AD3d 1570, 1571 [4th Dept 2018], lv denied 31 NY3d 1150 [2018]). Defense counsel could have reasonably determined, under the circumstances, that the court's consideration of the lesser included offense of assault in the second degree would have detracted its attention from the central theory of the defense case, i.e., that defendant was legally justified in stabbing the victim, and instead focused the court's attention on the seriousness of the injuries suffered by the victim.
We note, in any event, that the failure "to request a particular lesser included offense is not the type of clear cut and completely dispositive error that rises to the level of ineffective assistance of counsel" (McFadden, 161 AD3d at 1572 [internal quotation marks omitted]) and that defense counsel secured defendant's acquittal on three of the four charges in the indictment. Defense counsel also made appropriate pretrial motions, conducted suppression hearings, obtained a favorable Sandoval ruling, effectively cross-examined the People's witnesses and vigorously cross-examined and impeached the victim, successfully opposed a motion by the People during trial to impeach defendant, presented a case on behalf of defendant, and delivered a strong closing argument in which he contended that defendant was legally justified in his actions. Viewing defense counsel's representation in its totality and as of the time of the representation, we conclude that defendant received meaningful representation (see People v Baldi, 54 NY2d 137, 147 [1981]; McFadden, 161 AD3d at 1572-1573).
Defendant further contends that, notwithstanding defense counsel's objection to the court's consideration of a lesser included offense, the court erred in refusing to consider the lesser included offense because the evidence supported it. We reject that contention. First, even assuming, arguendo, that a reasonable view of the evidence supported the lesser included offense (see People v Burnett, 100 AD3d 1561, 1561 [4th Dept 2012]), defense counsel objected to the court's consideration of assault in the second degree as a component of his reasonable trial strategy, and we conclude that the court did not err in taking that position into account in determining the People's request (see generally People v Green, 56 NY2d 427, 429-430 [1982], rearg denied 57 NY2d 775 [1982]).
In any event, although it is undisputed that assault in the second degree is a lesser included offense of assault in the first degree (see generally Penal Law §§ 120.05 [2]; 120.10 [1]) inasmuch as "it is impossible to commit the greater crime without concomitantly committing the lesser offense by the same conduct" (Burnett, 100 AD3d at 1561 [internal quotation marks omitted]; see Green, 56 NY2d at 435), we conclude that there is no reasonable view of the evidence to support a finding that defendant intended to cause and did cause physical injury but not serious physical injury to the victim.
The testimony of the physician who treated the victim established that the victim sustained 20 to 30 stab wounds, at least 20 of which were to her chest, and that she was hospitalized for about 15 days. The victim suffered a collapsed lung with a tension pneumothorax, which required the insertion of a chest tube to drain the blood and reinflate the lung. She also suffered a lacerated liver that was bleeding and multiple fractures to her right hand and her left wrist and radius, which necessitated open reduction internal fixation surgery, i.e., the use of a plate and several screws to hold the bones together. There is no reasonable view of the evidence that would support a finding that the victim did not sustain "physical injury which creates a substantial risk of death, or which causes death or serious and protracted disfigurement, protracted impairment of health or protracted loss or impairment of the function of any bodily organ" (Penal Law § 10.00 [10]).
We also reject defendant's contention that the court erred in denying his motion to set aside the verdict pursuant to CPL 330.30 on the ground that the alleged errors of defense counsel deprived him of effective assistance of counsel. Defendant was charged by indictment with four violent felony offenses. As discussed above, a favorable plea offer was not available to defendant due to his criminal history, which included prior violent felony convictions. Under the circumstances, the only options available to defendant were either to plead guilty to all four violent felony offenses charged in the indictment or to take the case to trial. If accepted by the court, the defense of justification would have provided a complete defense and defense counsel reasonably presented defendant's justification claim as an "all-or-nothing defense" (Guarino, 298 AD2d at 938 [internal quotation marks omitted]).
Finally, we have considered defendant's remaining contentions and conclude that they lack merit.
Entered: May 1, 2020
Mark W. Bennett
Clerk of the Court