People v Youngblood (2022 NY Slip Op 00751)





People v Youngblood


2022 NY Slip Op 00751


Decided on February 4, 2022


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 4, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., NEMOYER, CURRAN, AND BANNISTER, JJ.


29 KA 16-02194

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
TONY L. YOUNGBLOOD, JR., DEFENDANT-APPELLANT. 






TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (BENJAMIN L. NELSON OF COUNSEL), FOR DEFENDANT-APPELLANT.
TONY L. YOUNGBLOOD, JR., DEFENDANT-APPELLANT PRO SE.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (SCOTT MYLES OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Monroe County Court (James J. Piampiano, J.), rendered December 3, 2015. The judgment convicted defendant upon a jury verdict of attempted aggravated murder (three counts) and unlawful imprisonment in the first degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously modified as a matter of discretion in the interest of justice by directing that the sentences imposed for attempted aggravated murder under counts one through three of the indictment shall run concurrently with respect to each other, and as modified the judgment is affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of three counts of attempted aggravated murder (Penal Law §§ 110.00, 125.26 [1] [a] [i]; [b]) and one count of unlawful imprisonment in the first degree (§ 135.10). Defendant's conviction stems from his conduct in firing a shotgun at police officers while inside his girlfriend's home and not allowing the girlfriend's daughter to leave the home. We reject defendant's contention in his pro se supplemental brief that the evidence is legally insufficient. Viewing the evidence in the light most favorable to the People (see People v Contes, 60 NY2d 620, 621 [1983]), we conclude that the evidence is legally sufficient to establish that defendant, with the intent to cause the deaths of police officers engaged in the course of performing their official duties, engaged in conduct that tended to effect the commission of those crimes, and that defendant knew or reasonably should have known that they were police officers (see §§ 110.00, 125.26 [1] [a] [i]; see generally People v Badger, 90 AD3d 1531, 1532-1533 [4th Dept 2011], lv denied 18 NY3d 991 [2012]). The testimony of the three officers and other evidence established that the officers announced their presence before entering the home, whereupon defendant fired a shotgun in the direction of one officer who was inside the house and then fired the shotgun from upstairs at two officers who were standing outside. Defendant's intent to kill the police officers can be reasonably inferred from his conduct (see People v Rouse, 34 NY3d 269, 274-275 [2019]; People v Milbank, 187 AD2d 459, 460 [2d Dept 1992]). In addition, the evidence is also legally sufficient to establish that the girlfriend's daughter was unlawfully imprisoned. Contrary to defendant's contention in his main brief, viewing the evidence in light of the elements of the crime of attempted aggravated murder as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we conclude that the verdict with respect to those crimes is not against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]).
We reject defendant's contention in his main brief that he was denied effective assistance of counsel. Defendant failed to establish the absence of a strategic or other legitimate explanation for defense counsel's failure to request a lesser included offense (see People v Spencer, 183 AD3d 1258, 1259-1260 [4th Dept 2020], lv denied 35 NY3d 1070 [2020]; People v Collins, 167 AD3d 1493, 1498 [4th Dept 2018], lv denied 32 NY3d 1202 [2019]; see generally [*2]People v Rivera, 71 NY2d 705, 709 [1988]) and failure to request a missing witness instruction with respect to defendant's girlfriend (see People v Shepard, 171 AD3d 951, 952 [2d Dept 2019]; People v Myers, 87 AD3d 826, 828 [4th Dept 2011], lv denied 17 NY3d 954 [2011]).
We agree with defendant's contention in his main brief that the sentence is unduly harsh and severe. Although defendant's crimes were undoubtedly serious and could easily have resulted in death or injury to the officers, no one was injured or killed during the shootout. We conclude that the de facto life sentence without parole is not warranted here. We therefore modify the judgment as a matter of discretion in the interest of justice by directing that the sentences on the counts of attempted aggravated murder shall run concurrently with each other (see generally CPL 470.15 [6] [b]; People v Delgado, 80 NY2d 780, 783 [1992]).
Entered: February 4, 2022
Ann Dillon Flynn
Clerk of the Court